**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marion SELTZER, Appellant.**

**No. 99 MC 112 ILG.**

United States District Court, E.D. New York.

Dec. 15, 2000.

Dolan Garrett, Asst. U.S. Atty., U.S. Attorney's Office, Crim. Div., Brooklyn, NY, Dwight C. Holton, U.S. Attorney's Office, Crim. Div., Brooklyn, NY, for U.S.

Joshua L. Dratel, PC, New York, NY, for Marion Seltzer.

MEMORANDUM & ORDER

GLASSER, District Judge.

On June 4, 1999, this Court, in the exercise of what it believed to be its inherent power to manage and control the conduct of a trial over which it is presiding so as to achieve the orderly and expeditious disposition of cases, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), sanctioned the appellant for impeding the orderly and expeditious conduct of the proceeding before it. On appeal, the sanction ordered was vacated and the matter remanded to this Court with direction to provide the appellant with:

> Specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on the matter and [Seltzer] must be warned of the authority under which sanctions are being considered and given a chance to defend [herself] against specific charges.

*United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir.2000).

The relevant portions of the transcript have been set out in the opinion of the Court of Appeals and will not be reproduced here. In sum, after the jury retired to deliberate, the Court advised counsel, including Ms. Seltzer, that they can recess for lunch and that Court will resume at 2:15. The jury notified the Court at 2:00 p.m. that they reached a verdict. All parties, except Ms. Seltzer, were present. Her late arrival prompted the following:

> Ms. Seltzer, you have kept this Court, twelve jurors, three or four defendants and their lawyers, ... the Assistant

United States Attorney, approximately twenty some-odd people waiting for twenty five minutes. And I would like you to tell me why I shouldn't impose a sanction upon you, Ms. Seltzer, not only for violating the order of this court, which I think, after I charged the jury, I—not advised—told counsel to keep themselves available, so that the court didn't have to go-

227 F.3d at 38.

Additional colloquy between the court and Ms. Seltzer appears in the opinion of the Court of Appeals and familiarity with that opinion will be assumed.

In addition to that oral statement, the Court issued a written order to essentially the same effect which was also reproduced in the Circuit Court's opinion and familiarity with which is assumed.

In compliance with the Circuit Court's direction that Ms. Seltzer be given "specific notice of the conduct alleged to be sanctionable," she is hereby notified that the conduct for which she was sanctioned was keeping the court, twelve jurors, three or four defendants and their lawyers ... and the Assistant United States Attorney, approximately twenty some-odd people waiting for twenty five minutes.

The direction of that court that Ms. Seltzer be notified of "the standard by which that conduct will be assessed" is puzzling given its reference to *Link. Seltzer*, 227 F.3d at 40. In *Link*, an action was dismissed *sua sponte* for the failure of the plaintiff's lawyer to appear at a pretrial conference. In affirming that disposition, the Court held that "the authority of a court to dismiss *sua sponte* for lack of prosecution, has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31, 82 S.Ct. 1386. The Court went on to hold that "nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void." *Id.* at 632, 82 S.Ct. 1386. That "inherent power" of the Court to achieve the orderly and expeditious disposition of cases in the management of its own affairs was clearly echoed by the Court of Appeals in writing that: "Today, we hold that the inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violation of court orders or other *conduct which interferes with the court's power to manage its calendar and its courtroom without* a finding of bad faith." 227 F.3d at 41 (emphasis mine). The direction to inform Ms. Seltzer of the standard by which her conduct will be assessed suggests that the occasion upon which the fine was imposed was a finding of contempt assuming that by "standard" is meant the standard of proof required for a finding. The standard of proof for a finding of civil contempt is clear and convincing. The standard for criminal contempt is beyond a reasonable doubt. The sanction imposed was not based on a finding of contempt. As the colloquy between the Court and Ms. Seltzer impliedly conveys and the written order subsequently issued makes explicit, the sanction was imposed *sua sponte* pursuant to the inherent power of the Court, citing *Link* and *In re Sutter*, 543 F.2d 1030 (2d Cir.1976). Not unlike this case, sanctions were imposed upon the attorney in *Sutter* because the Court and other court personnel, numerous jurors and several lawyers were inconvenienced. 543 F.2d at 1036. It is significant to note, too, that the Court recognized that sanctions may be imposed for "conduct by lawyers that falls short of contempt of court." *Id.* at 1037–38. *See also, United States v. Kouri–Perez*, 187 F.3d 1, 9 (1st Cir.1999) in which the Court rejected the contention that the sanctions there imposed necessarily amounted to an adjudication of contempt and that the imposition of an inherent power sanction vindicates the authority

of the Court without resorting to the drastic contempt sanction. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (the imposition of sanctions serves the purpose of vindicating the judicial authority without resort to the more drastic sanctions available for contempt).

The Court's research has not revealed a case in which the imposition of a *sua sponte* sanction required the application of a stated standard. *Sutter,* the case that appears to be most frequently cited in this Circuit, reflects no indication that any given standard was observed or required. The validity of the sanction is, quite obviously, not determined by the Court imposing it. It is in every case determined by an appellate court upon an appeal by the party sanctioned. The standard of review is then whether reviewing "all aspects of a District Court's decision to impose sanctions" was an abuse of discretion. *Seltzer,* 227 F.3d at 39.[1]

The definition of *"sua sponte"* taken together with the phrase "abuse of discretion" provide the key to the question of standard. Without intending to "make a fortress out of the dictionary," *Cabell v. Markham,* 148 F.2d 737, 739 (2d Cir.1945) (Learned Hand, J.) *"sua sponte"* is defined in Black's Law Dictionary as meaning "of one's own accord; voluntarily; without prompting or suggestion, on its own motion," Ballentine's Law Dictionary defines it to mean "upon his own responsibility; on his own motion. An order made by a court without prior motion by either party." The only reported case that research revealed in which the term was explicated is *State ex rel. Dunbar v. Ham,* 45 Ohio St.2d 112, 341 N.E.2d 594 (1976). The issue there was whether a trial court, upon its own motion and without conducting a hearing, may order a charge of venue. In holding that it could, the Court cited the definition of *sua sponte* in Black's Law Dictionary equating the term as being synonymous with "on its own motion."

The Court then wrote that a rule authorizing a court to change venue upon its own motion "rests discretion in the trial court to itself determine whether a change of venue should be ordered" and in effect, permits the court to take cognizance of facts within its knowledge. *Dunbar,* 341 N.E.2d at 596. The "standard" then is one of discretion the exercise of which is then reviewed by an appellate court for abuse. The direction to this Court to give Ms. Seltzer notice of the standard by which her conduct will be assessed is then, a direction to advise her that the standard is my discretion which, I would venture to believe, was not intended.

This Court was also directed to give Seltzer "an opportunity to be heard on th[e] matter" and a forewarning "of the authority under which sanctions are being considered, and given a chance to defend [herself] against specific charges." Those directions will be addressed in order. An opportunity to be heard on the matter: The relevant portion of the transcript reproduced in the Circuit Court's opinion and set out above, reflects that Ms. Seltzer was given an opportunity to tell the Court why a sanction should not be imposed for the reasons stated and that she did reply. In this regard I would make reference again to *Link, supra,* which held that absence of notice and a failure to hold a hearing are not necessarily fatal to the validity of a sanction. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity of advance notice and hearing." 370 U.S. at 632, 82 S.Ct. 1386. I would respectfully submit that the circumstances here were clearly such as to have notified Ms. Seltzer of the consequences of her conduct and were also such as to make advance notice and hearing unnecessary.

1. It is interesting to note that not a single district court case is cited in this opinion.

With great deference to the Court of Appeals and with the genuine respect that is its due, I believe that what this Court has been directed to provide Ms. Seltzer was provided and thus makes compliance with the mandate of the Court of Appeals redundant. To provide them yet again, and add yet another proceeding to a crowded docket, will delay still further the final disposition of this case, a delay the sanction was designed to deter. Desiring not to be or even appear to be recalcitrant, the sanction I imposed having been vacated by the Court of Appeals, I will leave the matter there and regard the sanction as being vacated. The Clerk of Court is hereby directed to reimburse Ms. Seltzer with the fine she already paid.

SO ORDERED.